USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANTLAB FINANCIAL, LLC,

        Plaintiff,

-against-

TOWER RESEARCH CAPITAL, LLC,

        Defendant.

Case No. 10 CV 2491 (ACC)

[PROPOSED] ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER

Upon filing and reading the Complaint, the accompanying Affidavits of Bruce P. Eames and Tim McInturf, and the accompanying Memorandum of Law, and having heard from counsel for both parties on the record on 3/19/10, it is

ORDERED that the above named defendant show cause before this Court, ~~at Courtroom ___, United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York on March 19, 2010, at 9:30 a.m.,~~ or as soon thereafter as counsel ~~may~~ requests Xu be heard, why an order should not be issued pursuant to Rule 65(b) of the Federal Rules of Civil Procedure enjoining Defendant Tower Research Capital, LLC ("Tower") from:

    (a)    Directly or indirectly employing Yongzhong Xu ("Xu"), through August 31, 2011, in any position with Tower (as a competitor to Quantlab in high-frequency, automated trading),[1] and particularly in any role where Xu:

    (i) performs for, advises on, renders advice to, or otherwise assists Tower in any position, job, task, function or responsibility that is substantially similar to the positions, jobs, tasks, functions or material responsibilities that Xu performed for Quantlab

---

[1] As used herein, "high-frequency" refers to buying and selling the same security on the same day or intraday trading. As used herein, "automated trading" refers to trading strategies that are reduced to mathematical formulae and algorithms and then translated into machine readable computer code so that the buy/sell decisions are made by computers without human intervention.

Financial, LLC ("Quantlab") during the last two years of his employment with Quantlab; or,

(ii) directly or indirectly (as a consultant, advisor, or otherwise) accepts employment with Tower in a position that involves rendering services, consulting or advice that relates to subjects where trade secrets or confidential information that Xu had access to during his employment with Quantlab would be likely to be used to assist Tower;

(b) Directly or indirectly assisting Xu through August 31, 2011, with any business activities in the field of high-frequency, automated trading that are competitive to Quantlab; and

(c) Using or disclosing any confidential data or trade secrets belonging to Quantlab that were created, discovered, used or tested, or being developed, by Quantlab during Xu's employment there including any (i) information, research or analysis relating to Quantlab's high-frequency, automated trading strategy including the specific opportunities the strategy attempts to capture, potential and actual predictive indicators, predictive models, mathematical formulas, algorithms, and computer source code developed by Quantlab; (ii) any concepts or ideas for improvement, development, experimentation, in trading strategies or models or means of executing same; (iii) inventions, original works of authorship, discoveries, developments, improvements, or other items of intellectual property;; and (iv) any information or data related to the performance of Quantlab's trading strategy or models, the performance of its systems for the execution of trades, and its financial information; and, (v) compilations of information, analysis, formulae, or other data, compiled or created by Quantlab for use in

its business, regardless of whether or not this compilation contains items of individual information or data that might be available through a public source so long as the compilation itself is confidential to Quantlab; and

**IT IS FURTHER ORDERED** that Tower shall:

(d) Return immediately to Quantlab any confidential data or trade secrets that belong to Quantlab, regardless of how stored (e.g., on paper, electronically, etc.), including, but not limited to, all data concerning Quantlab's trading strategies and models, whether successful or unsuccessful; and [*struck through* — initialed *dlc*]

(e) Preserve all evidence concerning any aspect of the claims set forth in the Complaint in the above-captioned action; and

**IT IS FURTHER ORDERED** that, sufficient reason having been shown, pending the hearing of plaintiff's application for a preliminary injunction under Rule 65(b) of the Federal Rules of Civil Procedure, *and over the objection of the defendant as to sub-paragraphs (a) and (b),* defendant is:

(a) Temporarily restrained and enjoined from, directly or indirectly, employing Yongzhong Xu ("Xu") in the position of Portfolio Manager, quantitative analyst or any other position involving or related to high-frequency, automated trading;

(b) Temporarily restrained and enjoined from directly or indirectly assisting Xu in any business activities in the field of high-frequency, automated trading; and;

(c) Directed to preserve all evidence concerning any aspect of the claims set forth in the Complaint in the above-captioned action; and

~~IT IS FURTHER ORDERED that, good cause having been shown and pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, Defendant must produce documents and witnesses for deposition, within five (5) days of this Order; and~~ *dle*

IT IS FURTHER ORDERED that security in the amount of $500 be posted by the Plaintiff prior to *March 24*, 2010, at *5:00* o'clock in the *afternoon* of that day; and

~~IT IS FURTHER ORDERED that personal service of a copy of this order, and the Complaint, the affidavits, declarations and memorandum of law on which it is based, upon the defendants or their designated counsel on or before _____ o'clock in the _____ noon, March ___, 2010, shall be deemed good and sufficient service thereof.~~

Dated: New York, New York
~~March 18, 2010~~
March 19, 2010
4:30 p.m.

_____
UNITED STATES DISTRICT JUDGE

It is further ordered that, should the defendant seek a preliminary injunction ~~hearing~~ [hearing] at any time, a schedule for expedited discovery and a hearing within ten days will be established. Until the defendant makes such a request, the parties consent to this Order remaining in place with the following exception: the parties with the consent of this Court may litigate the merits of this action before the courts of Texas.

Firmwide:94663347.1 038021.1015
Firmwide:94686350.1 038021.1015
DRAFT 3/18/10 5:59 PM

4

_____
March 19, 2010 4:30