USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
  :
QUANTLAB FINANCIAL, LLC,  :
                Plaintiff,  :
  :         10 Civ 2491 (DLC)
       -v-  :
  :         ORDER
TOWER RESEARCH CAPITAL, LLC,  :
                Defendant.  :
  :
----------------------------------------X

DENISE COTE, District Judge:

On March 19, 2010, plaintiff Quantlab Financial, LLC ("Quantlab") filed the complaint in this action alleging various state-law claims arising out of a non-compete agreement. A temporary restraining order ("TRO") was entered the same day. The complaint alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. At a conference held March 19, the parties were directed to submit letters detailing the citizenship of their respective members.

By letters dated March 25 and March 26, defendant Tower Research Capital, LLC ("Tower") indicates that its members are citizens of Connecticut, New Jersey, and New York.

By letters dated March 26 and April 2, Quantlab indicates that its sole member is Quantlab Holdings, LLC ("Quantlab Holdings"), which in turn has four members. Three of the four

members of Quantlab Holdings are citizens of California or Texas. The fourth member of Quantlab Holdings is Quantlab Group, LP ("Quantlab Group"), which has one general partner and seven limited partners. Four of the limited partners of Quantlab Group are citizens of California or Texas, and another limited partner is a trust whose trustee is a citizen of Canada. The general partner of Quantlab Group is Quantlab Group GP, LLC ("Quantlab Group GP"), which has two members: Marco, LP ("Marco") and AVG Holdings, LP ("AVG"), which are also the remaining two limited partners of Quantlab Group. Marco's general partner is Marco GP, LLC, the sole member of which is South Ocean Trust ("South Ocean"), which is also a limited partner of Marco. AVG's general partner is AVG Holdings GP, LLC, the sole member of which is The Aragon Trust ("Aragon"), which is also a limited partner of AVG. For diversity purposes, a trust is a citizen of the state where its trustees are domiciled. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 462 (1980). Aragon and South Ocean share the same trustee: The South Dakota Trust Company, LLC ("South Dakota Trust"). While nine of the ten members of South Dakota Trust are citizens of states other than Connecticut, New Jersey, or New York, the tenth member is a citizen of New York.

Based on the parties' submissions, it appears that there is a lack of complete diversity between the parties. In its April

2 letter, Quantlab argues that "the New York citizen's [i.e., the tenth member of the South Dakota Trust] connection to this litigation is so attenuated that his personal citizenship may be disregarded for purposes of determining diversity jurisdiction." Because a plaintiff bears the burden of establishing the existence of subject matter jurisdiction, see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 64 (2d Cir. 2009), it is hereby

ORDERED that plaintiff must show cause by **April 12, 2010** why this matter should not be dismissed and the March 19, 2010 TRO vacated for lack of subject matter jurisdiction due to the absence of complete diversity. Defendant's reply, if any, must be submitted by **April 19, 2010**. The parties shall make their submissions by letter brief, of no more than five pages each, directly to this Court's Chambers.

SO ORDERED:

Dated:   New York, New York
         April 5, 2010

_____
DENISE COTE
United States District Judge